IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SCOTT POOLE                                                                                                    PLAINTIFF

vs.                                          Civil No. 4:09-cv-04092

MICHAEL J. ASTRUE                                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Scott Poole ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his disability applications on February 22, 2006. (Tr. 99-110). Plaintiff alleged he was disabled due to diabetes, left leg problems, and join pain in his back.  (Tr. 119).  Plaintiff alleged an onset date of May 15, 2003.  (Tr. 99, 119).  These applications were initially denied on July 25, 2006 and were denied on reconsideration on February 21, 2007.  (Tr. 50-53).  On April 17,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

2007, Plaintiff requested an administrative hearing on his applications. (Tr. 65-66). This hearing request was granted, and a hearing on this matter was held on February 20, 2009 in Little Rock, Arkansas. (Tr. 29-49). Plaintiff was present and was represented by counsel, Linda Hart, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *See id.*

On April 2, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-18). In this decision, the ALJ found Plaintiff met the disability insured status requirements of the Act on May 15, 2003 and continued to meet them through December 31, 2010. (Tr. 17, Finding 1). The ALJ found that Plaintiff had apparently not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his G.E.D. (Tr. 17, Findings 8-9).

The ALJ determined Plaintiff had the following severe impairments: non-insulin dependent diabetes mellitus, obesity, hypertension, sleep apnea, history of left ankle trauma, and chronic back pain. (Tr. 17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-18, Findings 4-5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's

subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> The claimant [can perform] at least the light work activity, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing up to ten pounds. A job in this category may require a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls.

(Tr. 17, Finding 7).

The ALJ then evaluated Plaintiff's PRW. (Tr. 17, Finding 6). The ALJ determined Plaintiff's PRW included work as a construction worker, full cook, short order cook, and maintenance worker. *See id.* The ALJ determined Plaintiff could not perform any of this PRW. *See id.* However, the ALJ also determined, considering his age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which he would be able to perform. (Tr. 17, Finding 11). By applying the Medical-Vocational Rule 202.21, the ALJ found, given Plaintiff's age, RFC, education, and work experience, he was not disabled. (Tr. 17, Findings 11-12).

On May 5, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 94). *See* 20 C.F.R. § 404.968. On July 30, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 27, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 31, 2009. (Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 8-9). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

     It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

     To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the following: (1) the ALJ's disability determination is not supported by substantial evidence in the record; (2) the ALJ failed to evaluate Plaintiff's impairments in accordance with the listings; (3) the ALJ erred by concluding Plaintiff retained the RFC to perform a full range of light work; and (4) the ALJ erred in his credibility determination. (Doc. No. 8, Pages 1-17). In response, Defendant argues that Plaintiff failed to meet his burden of establishing that any of his impairments, singularly or in combination, met the requirements of the listings. (Doc. No. 9, Pages 2-3). Defendant argues the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons. *See id.* at 3-9. Defendant argues the ALJ's RFC determination is supported by substantial evidence in the record and should be affirmed. *See id.* at 9-12. Because this Court finds the ALJ erred by applying the Medical-Vocational Guidelines, this Court will only address the first issue Plaintiff raised.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age,

5

education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). The Grids cannot be applied where a person suffers from nonexertional impairments that significantly impact that person's ability to perform the full range of work (such as sedentary or light work). *See Foreman v. Callahan,* 122 F.3d 24, 25 (8th Cir. 1997). Instead, the testimony of a vocational expert must be used. *See id.* One such nonexertional impairment is pain. *See Barker v. Barnhart,* 457 F.3d 882, 894 (8th Cir. 2006). Accordingly, in cases where a claimant suffers from pain that diminishes or significantly limits the claimant's ability to perform a full range of sedentary, light, medium, or heavy work, the testimony of a VE must be used. *See id.* (citation omitted).

In the present action, Plaintiff has demonstrated that he suffers from recurring ankle pain that significantly diminishes his ability to perform the full-range of light work. Importantly, throughout 2006, Plaintiff repeatedly reported suffering from severe left ankle pain. (Tr. 207, 212, 234). Thereafter, in 2008, Plaintiff reportedly suffered from a recurrence of this ankle pain. (Tr. 372-377, 402). On November 17, 2008, Plaintiff's treating physician, Dr. George K. Covert, M.D. completed a medical source statement regarding Plaintiff's physical limitations resulting from his ankle pain. (Tr. 341-342). In this source statement, Dr. Covert limited Plaintiff to less than sedentary work. *See id.* Specifically, in addition to stating other limitations, he found Plaintiff could only lift and carry less than five pounds frequently, lift and carry less than five pounds occasionally, and could stand continuously for less than fifteen minutes. *See id.*

These records required the ALJ to consider Plaintiff's nonexertional limitation of ankle pain in determining whether he could perform other work existing in significant numbers in the national

economy. Instead of mechanically applying the Grids, the ALJ was required to rely on testimony of the VE to meet his burden of establishing Plaintiff could perform other work existing in significant numbers in the national economy. *See Foreman v. Callahan,* 122 F.3d at 25. Additionally, on remand, the ALJ should consider whether Plaintiff's RFC should assessed as being *sedentary* (which primarily involves sitting) instead of *light* (which requires more standing). Based upon the record, it appears Plaintiff's may better be assessed as having the capacity for sedentary, as opposed to light, work.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of June, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE